IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LUCAS TROY NEILSON,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>GARY HERBERT et al.,<br><br>　　　　　　　　Defendants. | **MEMORANDUM DECISION &<br>DISMISSAL ORDER**<br><br><br>Case No. 2:16-CV-1051 CW<br><br>District Judge Clark Waddoups |

Plaintiff, Lucas Troy Neilson, an inmate at Salt Lake County Jail, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2017), proceeding *in forma pauperis*. *See* 28 *id.* § 1915. His Complaint is now before the Court for screening. *See id.* § 1915(e). Defendants have also moved for dismissal for failure to state a claim upon which relief may be granted.

## SCREENING ANALYSIS

### A. Standard of Review

This Court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against an immune defendant. *See id.* § 1915(e)(2)(B). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding *pro se* the Court must construe his pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers." *Id.* at 1110. However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

### B. Plaintiff's Allegations

Plaintiff's Complaint alleges violations of his right to effective assistance of counsel by Utah Governor Gary Herbert and Salt Lake Legal Defender Association employees (LDA defendants), Patrick Anderson (executive director), Andrea Garland (defense counsel), and Amy Fowler (defense counsel).

### C. Supervisory Liability

The complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, 2009 U.S. App. LEXIS 15944, at *4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins*, 519 F.3d at 1250). Plaintiff may not name an entity or individual as a defendant based solely on supervisory position. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983). Further, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal

participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

Based on this standard, Plaintiff has done nothing to affirmatively link Defendant Herbert to a violation of his constitutional rights, but has instead identified him merely as a supervisor of sorts. Plaintiff's claim against him may not survive this screening then. Defendant Herbert is thus dismissed as a defendant.

## State-Actor Requirement

To establish a cause of action under § 1983, Plaintiff must allege (1) the deprivation of a federal right by (2) a person acting under color of state law (without immunity). *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Watson v. City of Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988).

The Complaint names LDA defendants based on their role as Plaintiff's government-appointed defense counsel. The following rule therefore applies: "[T]he Supreme Court has stated that 'a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" *Garza v. Bandy*, No. 08-3152, 2008 U.S. App. LEXIS 17440, at *4 (10th Cir. Aug. 13, 2008) (unpublished) (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). Additionally, "'even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983.'" *Id.* (quoting *Briscoe v. LaHue*, 460 U.S. 325, 329 n. 6 (1983)).

LDA defendants were thus not state actors, as they must be for Plaintiff to assert a federal civil-rights claim against them. Thus, Plaintiff's claims against them may not proceed here.

### D. *Heck*

Finally, and alternatively, the Supreme Court explained in *Heck* "that a § 1983 action that would impugn the validity of a plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Nichols v. Baer*, No. 08-4158, 2009 U.S. App. LEXIS 4302, at *4 (10th Cir. Mar. 5, 2009) (unpublished) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). *Heck* keeps litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted). *Heck* clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 48.

Plaintiff argues that Defendants violated his constitutional rights regarding state criminal proceedings. These arguments attack Plaintiff's underlying conviction and sentence. *Heck* requires that, when a plaintiff requests damages in a § 1983 suit, this Court must decide whether judgment in the plaintiff's favor would unavoidably imply that the conviction or sentence is invalid. *Id.* at 487. Here, it would. If this Court were to conclude that Plaintiff's constitutional right to effective assistance of counsel was violated in a prejudicial manner, it would be stating that Plaintiff's conviction and sentence were not valid.

Thus, this complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* This has apparently not happened. The Court must thus dismiss Plaintiff's complaint.

Finally, Plaintiff's request to have his conviction invalidated may be properly raised only in a habeas corpus petition.

**ORDER**

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss are **GRANTED**. (*See* Docket Entry #s 21 & 23.) Plaintiff's Complaint is **DISMISSED** with prejudice, under 28 U.S.C.S. § 1915(e)(2)(B) (2017), for failure to state a claim on which relief may be granted. And, neither liberal interpretation of Plaintiff's claims nor opportunity to amend would lead to a different result.

**IT IS FURTHER ORDERED** that the Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide with a form habeas petition for Plaintiff to use should he choose to file a habeas-corpus petition.

DATED this 11th day of August, 2017.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge